STATE, JOSEPH WELLS, Complainant, *vs .* WILLIAM CUSTER.

FEBRUARY 18, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Elections. Fraudulent Voting. Criminal Complaint. Duplicity.*

A criminal complaint against a defendant, under the provisions of Gen. Laws cap. 14, § 2, for voting a second time, which charges the first voting to have been wilful and fraudulent and then alleges the second voting also to have been illegal, charges two offences in one count and is bad for duplicity.

CRIMINAL COMPLAINT, under General Laws, chapter 14, section 2. Certified to Supreme Court from District Court of the Sixth Judicial District under provisions of court and practice act, section 478.

BLODGETT, J. This complaint charges an alleged violation of section 2, chapter 14, of the General Laws, and certain questions arising upon demurrer thereto have been certified to this

court for determination under the provisions of section 478 of the court and practice act.

The complaint is as follows:

"Joseph Wells, a citizen of North Providence, in the county of Providence and State of Rhode Island, on oath complains, in the name and behalf of the State, that at said North Providence, in said county, on the sixth day of November, A. D. 1906, with force and arms, William Custer, of said Providence, laborer, did then and there, at a meeting of the electors of said town of North Providence duly and in due form of law had and held for the choice of town officers, State officers and a representative in Congress, having then and there at said meeting on said day in said North Providence already once voted for persons to serve in said offices, wilfully and fraudulently having so voted, retire, corruptly return to the place of voting and surreptitiously again so vote against the statute and the peace and dignity of the State," etc.

The statute in question is set forth in *State* v. *Custer, ante* p. 222, and the first, second, and fourth questions are the same as the questions considered in that case.

The third question is as follows:

"Is the allegation in the complaint of a first and second voting sufficient without a further allegation that he was or was not qualified to vote, either the first or the second time?"

(1)　The allegation in the complaint is fatally defective. It clearly charges the first voting to have been wilful and fraudulent, and then alleges the second voting also to be illegal. It thus charges two offences in one count, and is bad for duplicity. In *State* v. *Fitzpatrick,* 4 R. I. 269, it was held by Ames, C. J., that the supposition is that the accused was qualified to vote once and that it is the voting a second time at which this clause of the statute is pointed "and not the voting without a qualification to vote," but the express language of this complaint negatives a legal voting in the first instance, and hence is not curable in the manner suggested by the question proposed.

The answer to this question disposes also of the fifth question submitted, and the papers will be remanded to the District Court

of the Sixth Judicial District with our decision thereon and with direction to quash the complaint.

*James C. Collins, Jr., and Green, Hinckley & Allen, and Guy Metcalf,* for State.

*John I. Devlin,* for defendant.