## STATE

v.

## Richard R. PREFONTAINE, Jr.

## No. 95–208–C.A.

Supreme Court of Rhode Island.

Dec. 4, 1995.

Andrea Mendes, Spec. Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Asst. Public Defenders, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on November 7, 1995, pursuant to an order directing both the state and the defendant to appear and show cause why this appeal should not be summarily decided. The defendant, Richard R. Prefontaine, Jr., appeals from a judgment of conviction after a jury found him guilty of two counts of second-degree child molestation.

After reviewing the memoranda submitted by the parties and after hearing their counsel at oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

This defendant was indicted on January 26, 1993, with two counts of first-degree (counts 1 and 2) and four counts of second-degree (counts 3 to 6) child molestation. The indictment alleged that the molestation of the victim, a six-year-old child, occurred between August 5, 1985, and June 30, 1986; the exact days and dates are unknown. At trial the jury acquitted defendant of the first-degree charges. The jury also acquitted defendant of counts 4 and 5, but convicted him on counts 3 and 6 of the second-degree charges.

On appeal defendant claims that because the indictment did not specify which second-degree count related to which act of touching, the jury was uncertain in regard with what exactly, he had been charged. The defendant argues that the trial justice should have granted his motion for a new trial because his Sixth Amendment right to defend himself had been violated. He claims that he is now "without the ability to challenge the verdict because he is not entitled to learn what parts of [the child's] body he touched or when he allegedly touched it."

The child, who was fifteen years old at the time of trial, testified that when she was six years old defendant, who was her mother's boyfriend, removed her pajamas and underwear and touched her breasts and vagina with his hands. This touching happened on the parlor couch, she said. She also testified that defendant rubbed the inside of her legs in the area of her vagina. She testified that

this happened two or three times and on separate days. She stated that in addition to the time defendant touched her when she was on the couch, defendant touched her in her bedroom. She testified that defendant touched her in the bedroom "[b]asically the same way he did on the couch."

A few months later the child was removed from her mother's home and placed in foster care. Four or five years later she returned to her mother, who was still living with defendant. The child admitted that at some time before trial she had told her mother's friend that the incidents had not happened. At trial, however, she explained that she had just returned home and that her mother was still living with defendant. She testified that she felt that if she told her mother's friend that defendant had molested her, she would have been returned to foster care, which she did not want to happen.

After the jury had deliberated for two hours, it requested the testimony of the victim's sister to be read back. Shortly thereafter, a communiqué from the jurors requested that the judge instruct them about which body part pertained to each of counts 3 through 6 (the second-degree molestation counts). The trial justice in the supplemental instruction was unable to answer the jury's question directly. It is clear that the jury as well as the justice were hopelessly confused about what exact offenses had been committed for which defendant was being tried.

We have stated in *State v. Gomes*, 590 A.2d 391, 394 (R.I.1991), that when a jury indicates to the trial justice that it does not understand an element of the offense charged or some other matter of law central to the guilt or the innocence of the accused, the trial justice must clarify the matter for the jury in a concrete and unambiguous manner. The jury obviously questioned which of the counts, 3 through 6, applied to which part of the child's body. The court could not clarify the issue because of the way the counts were written and the way in which the evidence had been entered.

■ After the jury rendered its verdict, defense counsel asked to speak with the trial justice at sidebar and indicated that the ver-

dict was confusing and that his client had a right to know of what exactly the jury had found him guilty. Defense counsel argued that the jury's verdict was inconsistent, emphasizing that if the jury believed the victim's testimony at all, defendant should have been found guilty on all counts because there was no more precise information on one count than on another. The jury found defendant guilty on counts 3 and 6 which were identical in all respects to counts 4 and 5 on which the jury found the defendant not guilty.

The court is of the opinion that defendant's appeal must be sustained and the case must be remanded for a new trial. It is clear that neither the jury nor the judge knew precisely what offenses the defendant was found guilty of committing.

■ In granting the new trial, we would point out that a motion for a bill of particulars after the indictment was returned would have clarified these issues and possibly eliminated some of the charges prior to trial. However, the court notes that the defendant is not obligated to file a motion for a bill of particulars.

For these reasons the defendant's appeal is sustained, the judgment appealed from is vacated, and the papers of the case are remanded to the Superior Court for a new trial.