DECISION
This matter is before the Court pursuant to the application of Keith Burke (petitioner) for post-conviction relief pursuant to G.L. 1956 § 10-9.1-1.
 Travel
In June 1996, petitioner Keith Burke was arrested and charged with assault and battery and malicious damage after an incident involving his wife and a vase. At the time of this charge, the petitioner was on probation having completed a prison sentence on unrelated charges. The State sought to have him declared a probation violator pursuant to G.L. 1956 § 13-19-9 and Super. R. Crim. P 32(f) for the failure to abide by the terms of his probation. On September 6, 1996, just before his violation hearing was set to begin, he committed the offense of witness intimidation (by threatening his wife regarding her upcoming testimony) at the scheduled violation hearing on the steps of the courthouse.
A witness, Kathleen O'Brien, immediately reported the incident she witnessed on the courthouse steps. The State ultimately charged the petitioner in P2/97-0351A with witness intimidation of Deborah Burke in violation of G.L. 1956 § 11-32-5, as amended (Reenactment of *Page 2 
1994). The State also served notice that if petitioner was convicted after trial it would seek an enhanced penalty under G.L. 1956 § 12-19-21, the habitual offender statute.
The petitioner was tried before a jury on May 25, 26, and 27, 1999 and was found guilty of the charged offense. He was represented at trial by a privately hired attorney, Ms. Dena Paolino. The Court sentenced the petitioner to serve five (5) years for the underlying charge of witness intimidation and an additional fifteen (15) years as a habitual offender.
The petitioner made a motion for a new trial. That motion was denied. Following the denial of the motion for new trial, petitioner appealed the conviction, sentence and decision denying the motion for new trial to the Rhode Island Supreme Court. The Supreme Court affirmed the conviction. State v. Burke, 811 A.2d 1158 (R.I. 2002); cert. denied540 U.S. 863 (2003).
On February 23, 2004, the petitioner filed pro se his application for post-conviction relief containing 131 factual allegations pursuant to G.L 1956 § 10-9.1-1. In August 2005, petitioner requested the appointment of counsel to represent him on his petition; that request was granted. A post-conviction relief hearing was held before this Court on January 25, 2008. Before proceeding to hearing on seven factual allegations, [1] petitioner waived the remaining 124 factual claims. Following the hearing, both sides provided memorandum to the Court in support of their positions. *Page 3 
 Analysis
The petitioner pressed two issues at the post-conviction relief hearing in support of his motion for post-conviction relief based on his claim of ineffective assistance of counsel. First, he claims that his counsel failed to file a motion for a bill of particulars which led to a duplicitous verdict by the jury. Secondly, he claims that his counsel failed to file a motion to suppress his identification before trial. These were the only two issues presented at the post-conviction relief hearing. As to the remaining claims that petitioner proceeded on, he has failed to prove that any of his rights were violated; his application for post-conviction relief on the remaining matters are denied.
 Ineffective Assistance of Counsel
The petitioner's assertion of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington,466 U.S. 668, 687 (1984) and adopted by the Rhode Island Supreme Court inBrown v. Moran, 534 A. 2d 180, 182 (R.I. 1987); Kholi v. Wall,911 A.2d 262, 264 (R.I. 2006). Strickland lays out two components for post-conviction relief due to the ineffective assistance of counsel.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687.
The petitioner must prove both components of the Strickland standard or relief will be denied. Strickland, 466 U.S. at 697. Additionally,Strickland holds that a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" putting a heavy burden on the defendant to prove otherwise.Id. at 690. In *Page 4 
determining whether the acts of counsel were "outside the wide range of professionally competent assistance" the Court must "strongly presume" that counsel offered adequate assistance as part of one of many potential trial strategies. Id. "A claim of ineffective assistance against privately retained counsel will fail `unless the attorney's representation [was] so lacking that the trial had become a farce and a mockery of justice***.'" William Burke v. State of Rhode Island,925 A.2d 890, 893 (R.I. 2007) (citing Vorgvongsa v. State, 785 A.2d 542, 548
(R.I. 2001)).
The petitioner focused on two issues presented before the Court at the post-conviction relief hearing. The petitioner alleges failure by counsel to demand clarification of the alleged "duplicitous" charge against the petitioner and failure of counsel to challenge the out of court identification of the petitioner. These allegations will be analyzed separately below but neither contention satisfies the "heavy burden" the petitioner must overcome to maintain ineffective assistance.Ouimette v. State, 785 A. 2d 1132, 1138-39 (R.I. 2001). A. IneffectiveAssistance of Counsel: Failure to Clarify the Charge
The petitioner argues that the failure of the State to specify which criminal proceeding the charge of witness intimidation applied to subjected the petitioner to the possibility of Double Jeopardy in violation of his Fifth Amendment rights. The petitioner contends that this failure by the State to specify, and for the purpose of this petition more importantly failure by petitioner's former counsel to clarify by filing a motion for bill of particulars or motion for clarification of charges, has subjected the petitioner to a "duplicitous" charge and conviction.
Duplicity is defined as "the joining of two or more offenses *** in a single count of an indictment." State v. Saluter, 715 A. 2d 1250, 1253
(R.I. 1998). The danger of a duplicitous charge is that when two or more offenses are alleged in the same count, a verdict of guilty "will *Page 5 
not reveal whether the jury found defendant guilty of only one crime and not the other, or guilty of both." Id. (quoting United States v.Murray, 618 F. 2d 892, 896 (2d Cir. 1980)).
In Saluter, the Court sustained the defendant's appeal as to seven of the nine charges against the defendant because in seven of the charges of child sexual assault it was unclear as to whether a single act, or multiple acts, were being charged. Saluter, 715 A. 2d at 1253. Similarly, in State v. Prefontaine the Court granted relief to the defendant because the charges of child sexual assault did not specify which acts of touching were being referred to in each count and, therefore, there was no basis for the jury to find him guilty on two counts and not guilty on two counts. Prefontaine, 667 A. 2d 531 (R.I. 1995); see also State v. Custer, 66 A. 309 (R.I. 1907) (granting relief because two acts of illegal voting were charged in one offence). However in Pierce v. Wall, the Court did not grant relief because it was clear to the Court that a single act was charged in each count and, therefore, there was no problem of duplicity. Pierce, 941 A. 2d 189 (R.I. 2008).
The respondent offers two arguments in response to the petitioner's claim of duplicity. Firstly, the respondent argues that the charge against the petitioner was not duplicitous in that it referred to one incident of witness intimidation. Resp't mem. at pg. 7. Respondent argues that the judge at petitioner's trial was correct in instructing that "either" criminal proceeding, the one in District Court or the one in Superior Court, could satisfy the element of "any criminal proceeding" required by G.L. 1956 § 11-32-5 for establishing witness intimidation. Id. at pg. 8. (Emphasis in original.) Secondly, the respondent argues that even if a bill of particulars had been filed, it would have been impossible to "get into the inner workings of the criminal mind," and, therefore, it would have been impossible for the State to answer definitively, even in a bill of particulars, to which proceeding Burke was referring when he intimidated the witness.Id. *Page 6 
Petitioner's trial counsel testified that prior to the trial she did not consider filing a motion attempting to clarify at which proceeding the act of intimidation occurred. Petitioner's trial counsel further testified at hearing her reason for not doing so was because a trial strategy was discussed with petitioner and agreed to by petitioner before trial. That strategy was not to deny that petitioner made the statement to his wife. The strategy simply put was that regardless of the State's witness' testimony as to what she heard petitioner say to his wife, petitioner's wife was not intimidated by his words and/or acts. When considering a claim of ineffective assistance of counsel, the tactical decisions of trial counsel, even if ill-advised, standing alone does not constitute ineffective assistance of counsel. William Burke v.State of Rhode Island, 925 A.2d 890, 893 (R.I. 2007); Lyons v.State, 909 A2d. 490, 493 (R.I. 2006).
Although anyone, including petitioner, has the right to engage in "Monday morning quarterbacking" about the tactical decisions made by trial counsel, this Court found counsel's testimony that she and petitioner discussed and agreed to the trial strategy before his trial to be credible. The trial strategy was sound and arguably would have been successful had petitioner's wife not testified at trial. Petitioner's wife not only confirmed that petitioner was the person who made statements to her at the time and place the State alleged; thus, diminishing the potential argument of "mistaken identification" by Kathleen O'Brien; but in addition, she testified defendant spoke the words to her as alleged by the State.
The standard for ineffective assistance is extremely stringent and failing a miscarriage of justice or at the very least the likelihood of another outcome, counsel will be presumed to have acted effectively. This Court is not satisfied that petitioner has met his burden of proof on this issue. Petitioner's claim of ineffective assistance of counsel in failing to file a motion for bill of particulars or seeking to clarify the charge is denied. *Page 7 
B. Ineffective Assistance of Counsel: Failure to Object toIdentification of Petitioner
The petitioner further contends that post-conviction relief should be granted because of his former counsel's failure to move to suppress the petitioner's identification and failure to object to his identification at trial.
In her testimony before this Court at the post-conviction relief hearing, Attorney Dena Paolino testified that she considered filing a motion to suppress the identification of the petitioner, but did not file one because there was no issue of identification. She further testified that she had conversations with the petitioner regarding what occurred on the steps of the courthouse on the day in question and they agreed together that their strategy was not to attack the witness' identification of the petitioner, but rather to refute the testimony of the witness. She referred to the question of identification of the petitioner as a "non-issue."
Although petitioner's former counsel considered the question of identification a "non-issue," petitioner maintained Kathleen O'Brien should not have been allowed to identify him before the jury. Kathleen O'Brien testified at petitioner's hearing. During part of her testimony and with the expressed request of petitioner, he was not present in the courtroom. Kathleen O'Brien testified as to the events that she recalled taking place in September 1996. She testified as to her recollection of the physical features of the man who made threats to a women and why witnessing the event made such a lasting impression to her. When petitioner was present during O'Brien testimony, she once again made an in-court identification of petitioner as the one she witnessed making the statements to the women on the courthouse steps in 1996. This Court was impressed by the testimony of Kathleen O'Brien and her appearance while she testified. She was unshaken in her testimony about the identity of the person she saw. *Page 8 
 Conclusion
Certainly this Court is aware of the concerns about eyewitness misidentification as addressed in Neil v. Biggers, 409 U.S. 188, 199-200
(1972) and in State v. Lambert, 463 A. 2d 1333, 1336 (R.I. 1983) and the test to be used in determining the likelihood of misidentification or impropriety. This Court is satisfied that no misidentification or impropriety took place and is further satisfied that the trial court and trial counsel had no reason to be concerned. The witness' ability to see the petitioner at the time, her attention to detail, her description of the petitioner, her level of certainty regarding the identity of the petitioner, and the length of time between the observation and reporting it all demonstrate to this Court that the petitioner was correctly identified and that no pressing issue of identification needed to be addressed at trial to ensure fair proceedings. Neil,409 U.S. at 199-200.
Petitioner has failed to meet the heavy burden of proving the ineffective assistance of counsel in not seeking to suppress his identification before trial.
The Petition for Post-Conviction Relief is therefore denied. Counsel for the Respondent shall submit an Order consistent with this decision.
[1] Petitioner proceed to hearing on paragraph 51. "Attorney Paolino failed to discuss any defense or file any preliminary Motions."; paragraph 76. "Defense Attorney Paolino failed to object to jury instruction."; paragraph 96. "Habitual Criminal RIGL 12-19-21 is unconstitutional as it does not allow for a jury determination that person is a habitual Criminal having not wavied (sic) right to jury determination, jury trial."; paragraph 97. "Habitual Criminal Statute is unconstitutional as allows for judge on a preponderance of the evidence standard to deprive a person of his liberity (sic), constitution calls for beyond a reasonable doubt standard."; paragraph 116. "Defense Attorney paolino (sic) failed to request a bill of particulars."; paragraph 118. "The evidence does not support a conviction and is a violation of due process."; and paragraph 129. "Judge informed Defense counsel she should have filed for a bill of particulars."