**Khalil KHOLI**[1]

v.

**A.T. WALL et al.**

**No. 2005–3–Appeal.**

Supreme Court of Rhode Island.

Dec. 14, 2006.

---

1.  Khalil appears to be the correct spelling of applicant's first name, but it is spelled Kahalil in some court documents.

Thomas M. Dickinson, Esq., for Plaintiff.

Aaron L. Weisman, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on November 9, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. We hereby affirm the order of judgment denying Khalil Kholi's (Kholi or applicant), application for postconviction relief.

### Facts and Travel

This is Kholi's third appearance before this Court in connection with a 1993 judgment of conviction of ten counts of first-degree sexual assault, resulting from the sexual molestation of his two stepdaughters. Kholi was sentenced to life in prison on each count, with counts 1 through 6 to run concurrently, and counts 7 through 10 concurrently with each other, but consecutive to the sentences imposed for counts 1 through 6, for a total of two consecutive life sentences. The underlying facts of this case are set forth in *State v. Kholi*, 672 A.2d 429 (R.I.1996), in which this Court affirmed the convictions. Thereafter, Kholi filed a motion to reduce his sentence in the Superior Court. That motion was denied by the trial justice, and we upheld that denial in *State v. Kholi*, 706 A.2d 1326 (R.I.1998) (mem.). The applicant then filed a *pro se* application for postconviction relief in the Superior Court, alleging the ineffective assistance of counsel. After providing applicant with appointed counsel, the hearing justice conducted an evidentiary hearing during which applicant asserted that his trial counsel had failed to call character wit-

nesses on his behalf. The hearing justice denied relief, and Kholi appealed.

Before this Court, Kholi alleges ineffective assistance of counsel, and he also asserts that the hearing justice erred in precluding him from introducing newly discovered evidence of the complaining witnesses' bias. We conclude, based on the facts and record before us, that applicant was afforded a fair trial by competent counsel and that the hearing justice did not err in excluding applicant's proffer of newly discovered evidence.

### Ineffective Assistance of Counsel

■ To prevail on a claim of ineffective assistance of counsel, applicant must meet the two-pronged test laid out in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this Court in *Barboza v. State,* 484 A.2d 881 (R.I.1984) and *Brown v. Moran,* 534 A.2d 180 (R.I.1987).

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Brown,* 534 A.2d at 182 (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052); *see also Powers v. State,* 734 A.2d 508, 521–22 (R.I.1999); *LaChappelle v. State,* 686 A.2d 924, 926 (R.I.1996).

■ "Although this Court must review *de novo* the ultimate question of whether a defendant's constitutional rights were infringed, we still must give deference to the hearing justice's factual findings." *Brown v. State,* 841 A.2d 1116, 1124 (R.I.2004) (citing *Vorgvongsa v. State,* 785 A.2d 542, 546–47 (R.I.2001)). The applicant "bears the burden of convincing this Court that the findings of the hearing justice were clearly wrong or that [he or] she overlooked or misconceived material evidence." *Id.* at 1123 (citing *Vorgvongsa,* 785 A.2d at 546). "The benchmark test in reviewing a claim for ineffective assistance of counsel is 'whether counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Vorgvongsa,* 785 A.2d at 548).

On the record before us, Kholi failed to prove that defense counsel's performance was constitutionally deficient. At the postconviction relief hearing, applicant presented several witnesses who opined that he was a good man who would not abuse his stepdaughters. However, at least five of those witnesses never were disclosed to defense counsel by his client. Further, applicant's trial counsel testified that he made a tactical decision not to call the remaining witnesses. Many of the witnesses who applicant alleges should have been called had no personal knowledge of the relationship between applicant and his stepdaughters. Several of the witnesses lived out of state and all of them expressed surprise that applicant admitted to physically abusing his wife and stepdaughters.

■ The very trial techniques about which applicant now complains of were, we conclude, part of his defense counsel's reasonable trial strategy. Defense counsel was faced with the real danger of presenting witnesses to attempt to show Kholi's good character, but at the same time opening the door to cross-examination about specific instances of applicant's conduct, a door that trial counsel was wise to keep

closed.[2] The record also discloses that several of those witnesses did not attend the trial at applicant's behest, and defense counsel testified that he made a strategic decision not to call Rene Martel (Martel), a Pawtucket police officer and the complaining witnesses' uncle. Although Martel was listed in pretrial discovery and attended the trial, Kholi's defense counsel determined that Martel would not make a good witness, that his testimony was unnecessary, and that he could damage the applicant's case. It was disclosed that Martel was accused of breaking and entering, which allegedly led to his forced retirement from the police force.

The applicant's wife, who also was the complaining witnesses' mother, testified at trial.[3] She testified that the complaining witnesses lied, and that applicant was a good man. Notwithstanding this testimony, the jury found Kholi guilty of ten counts of first-degree sexual assault. The hearing justice concluded that none of the witnesses proffered at the postconviction relief hearing said "anything that would cast any aspersions whatsoever on the two complaining witnesses" and their testimony would have had no effect on the trial.

We are satisfied that the hearing justice made adequate findings of fact and did not overlook or misconceive material evidence. His finding that applicant had been afforded effective assistance of counsel comports with our caselaw and shall not be disturbed.

**Newly Discovered Evidence**

The applicant also argues that the hearing justice erred in excluding newly discovered evidence of bias by the complaining witnesses, evidence that, applicant asserts, contradicted their trial testimony.[4] At trial, both complaining witnesses testified that they had no financial motive for bringing charges against applicant and that they had no intention of seeking compensation under the Violent Crimes Indemnity Fund (VCIF).[5] The applicant asserted at the postconviction relief hearing that, after the trial concluded, both complaining witnesses filed for monetary compensation from the VCIF. This, applicant contends, shows that the complaining witnesses were lying at trial. Before this Court, applicant contended that evidence indicating that the complaining witnesses sought compensation from the VCIF established a motive to fabricate their stories.

■ When confronted with a new-trial motion based on newly discovered evidence, the trial justice undertakes a two-pronged analysis. *State v. Firth,* 708 A.2d 526, 532 (R.I.1998) (citing *State v. Gomes,* 690 A.2d 310, 321 (R.I.1997)).

> "The first prong is a four-part inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material

2. The prosecution sought to introduce evidence that Kholi had physically abused a friend of the complaining witnesses. The trial justice, by way of a motion *in limine,* excluded the evidence, provided that the defense did not open the door to applicant's character.

3. The parties have not provided the Court with the original trial transcripts. We therefore determined who testified at the original trial from the record as developed before the hearing justice.

4. It should be noted that applicant only preserved this issue as to one of the complaining witnesses.

5. *See* Criminal Injuries Compensation Act of 1972 (P.L.1972, ch. 254, § 1), codified at G.L. 1956 chapter 25 of title 12 (amended by Criminal Injuries Compensation Act of 1996 (P.L. 1996, ch. 434, § 3), codified at G.L.1956 § 12–25–1.1, §§ 12–25–16 through 12–25–30).

to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. * * * Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible enough to warrant a new trial.'" *Id.* (quoting *Gomes,* 690 A.2d at 321).

■ However, "[b]ecause these determinations involve issues of the credibility of witnesses, '[t]his court will not disturb the decision of a trial justice on a motion for a new trial unless he or she overlooked or misconceived relevant and material evidence or was otherwise clearly wrong.'" *Gomes,* 690 A.2d at 321 (quoting *State v. Hernandez,* 641 A.2d 62, 72 (R.I.1994)).

■ The hearing justice held that a victim's compensation claim made after the trial did not mean that the witness had a motive to give false testimony. Rather, the hearing justice determined, it was just as likely that the witness testified truthfully at trial and then changed her mind later and decided to file an action under the VCIF. Furthermore, a conviction is not a prerequisite to recovery under the VCIF. *See* G.L.1956 § 12–25–3(f).[6] We are satisfied that the complaining witnesses' post trial conduct, while impeaching, was not *material,* and not likely to change the trial verdict. *Gomes,* 690 A.2d at 321 (citing *Hernandez,* 641 A.2d at 72).

### Conclusion

For the aforementioned reasons, we are satisfied that the hearing justice did not err in his decision denying the application for postconviction relief. Accordingly, we affirm the judgment of the Superior Court, to which we return the papers in this case.

---

**6.** We note that the codification has changed since the victim filed for compensation under the VCIF in 1994, but we cite to the current version for reference as the relevant proposition remains the same. *See* Criminal Injuries Compensation Act of 1972 (P.L.1972, ch. 254, § 1), § 12–25–3(f); Criminal Injuries Compensation Act of 1996 (P.L.1996, ch. 434, § 3), § 12–25–19(f).