William BURKE

v.

STATE of Rhode Island.

No. 2006–124–A.

Supreme Court of Rhode Island.

June 14, 2007.

Marie T. Roebuck, Esq., Providence, for Plaintiff.

Aaron L. Weisman, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., and GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The applicant, William Burke (Burke or applicant), appeals the denial of his application for postconviction relief in the Superior Court. This case came before the Supreme Court for oral argument on May 14, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth herein, we affirm the ruling of the Superior Court.

## I

### Facts and Travel

In 1985, Burke was convicted of seven counts of robbery, one count of assault with intent to rob, and one count of carrying an unlicensed pistol for a heist he perpetrated at Foley's Lounge in Cumberland. He was sentenced to serve sixty years for these crimes.[1] His conviction was affirmed by this Court in State v. Burke, 529 A.2d 621 (R.I.1987). We sub-

sequently affirmed the denial of a motion for a new trial based on newly discovered evidence in State v. Burke, 559 A.2d 1062 (R.I.1989).

Almost twenty years after his conviction, Burke filed an application for postconviction relief pursuant to G.L.1956 § 10–9.1–1, alleging a denial of an opportunity to be heard on a motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure.[2] The basis for his application was ineffective assistance of counsel—specifically, his attorney's failure both to advise him of and file a Rule 35 motion to reduce his sentence within the allotted 120–day period. After hearing applicant's and his attorney's testimony, a hearing justice denied the application. The applicant timely appealed.

## II

### Analysis

■ When reviewing a ruling on an application for postconviction relief, we "afford great deference to findings of historical fact by the hearing justice[.]" Ferrell v. Wall, 889 A.2d 177, 183–84 (R.I. 2005) (quoting Hampton v. State, 786 A.2d 375, 379 (R.I.2001)). However, this Court reviews "de novo any postconviction relief decision involving questions of fact or mixed questions of law and fact pertaining

---

1. The applicant was sentenced as follows: On count 1 (robbery), forty years; on count 3 (robbery), fifty years; on count 4 (robbery), twenty-five years; on count 5 (robbery), sixty years; on count 6 (robbery), twenty-five years; on count 7 (robbery), sixty years; on count 9 (robbery), twenty-five years; on count 10 (assault with intent to rob), fifteen years; and on count 16 (carrying a pistol without a license), ten years suspended, with probation, to run consecutively with each count. It appears that all sentences imposed for counts 1 through 10 were to run concurrently, resulting in a cumulative sentence of seventy years, with ten years suspended, with probation.

2. In relevant part, Rule 35(a) of the Superior Court Rules of Criminal Procedure provides that, within 120 days after a sentence is imposed or after this Court has ruled on an appeal from a conviction, a criminal defendant may move to reduce his or her sentence. However, on its own motion, the Superior Court may, after the filing of a motion to reduce sentence, increase said sentence if such a determination is based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" and the reason(s) for such decision is placed on the record. Rule 35(b).

to an alleged violation of an applicant's constitutional rights." *Id.* at 184 (quoting *Young v. State,* 877 A.2d 625, 628 (R.I. 2005)). Moreover, an applicant bears the burden of proving, by a preponderance of the evidence, that he is entitled to postconviction relief. *Larngar v. Wall,* 918 A.2d 850, 855 (R.I.2007).

■ In Rhode Island, claims of ineffective assistance of counsel are subject to the two-part test announced in the United States Supreme Court's seminal decision, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Kholi v. Wall,* 911 A.2d 262, 264 (R.I.2006).

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Kholi,* 911 A.2d at 264 (quoting *Brown v. Moran,* 534 A.2d 180, 182 (R.I.1987)).

In an ineffective assistance inquiry, "the benchmark issue is whether 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Ferrell,* 889 A.2d at 191 (quoting *Young,* 877 A.2d at 629). This Court will not disturb a hearing justice's ruling unless an applicant can adequately show "'that the findings of the hearing justice were clearly wrong or that [he or] she overlooked or misconceived material evidence.'" *Kholi,* 911 A.2d at 264. A claim of ineffective assistance against privately retained counsel likely will fail "'unless the attorney's representation [was] so lacking that the trial had become a farce

and a mockery of justice * * *.'" *Vorgvongsa v. State,* 785 A.2d 542, 548 (R.I.2001); *see also Larngar,* 918 A.2d at 856.

■ The applicant in this case has failed to satisfy even the first Strickland prong. We are aware of—and the applicant points us to—no authority for the proposition that failure to file a timely Rule 35 motion *per se* amounts to constitutionally deficient representation. *See Silano v. United States,* 621 F.Supp. 1103, 1105 (E.D.N.Y.1985) (mem.) (analogizing a Rule 35 "plea for leniency" to a discretionary review, and holding that "failure of counsel to file timely a Rule 35(b) motion is not in itself ineffective assistance of counsel"). Furthermore, even if we were to accept as true the applicant's allegation that his attorney never discussed filing a Rule 35 motion with him, there was an obvious tactical reason for such an omission. "[T]actical decisions * * * do not by themselves constitute ineffective assistance of counsel." *Lyons v. State,* 909 A.2d 490, 493 (R.I.2006) (quoting *Toole v. State,* 748 A.2d 806, 809 (R.I.2000)). On January 14, 1986, while his appeal was pending before this Court, the applicant was arrested and charged with several offenses in connection with a robbery he allegedly perpetrated at Chick's Spa in Manville twelve days *before* he was sentenced in the instant case. The applicant's attorney testified at the postconviction-relief hearing that this subsequent criminal activity, coupled with the rumored reputation for harshness of the sentencing judge, would have impacted his decision whether to file a Rule 35 motion because of the risk of exposing his client to an increased sentence. *See* Rule 35(b). In light of these circumstances, we are satisfied that the attorney's decision not to pursue a sentence reduction was "the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104

S.Ct. 2052. Because the applicant has failed to satisfy the first *Strickland* prong, we do not reach the second.[3]

## Conclusion

The judgment of the Superior Court is affirmed. The record shall be remanded to the Superior Court.

---

**3.** Even assuming, *arguendo*, that the applicant had satisfied the first *Strickland* prong, there was no way he could have satisfied the second prong. As we explained above, the applicant's attorney's decision not to file a Rule 35 motion very well may have saved him from additional punishment in light of his intervening criminal activity and the reputation of the sentencing judge as being stern. Therefore, it would have been impossible for the applicant to establish that he was prejudiced by his attorney's alleged omission.