DECISION
This case is before the Court on Petitioner Miguel Camacho's ("Camacho") application for post-conviction relief. Jurisdiction is pursuant to G.L. 1956 § 10-9.1-1, et seq.
On November 30, 1989, Petitioner was indicted on two counts of second-degree child molestation in case number N1-1989-403A. Following a jury trial, Petitioner was found guilty on both charges on January 15, 1991 and sentenced to twelve years: six years to serve, six years suspended with six years of probation. Petitioner appealed, and on December 18, 1992, the Rhode Island Supreme Court reversed the jury's convictions, citing a "naked attempt to influence or intimidate witnesses" by the State. SeeState v. Camacho, No. 92-79-C.A. (R.I. Dec. 18, 1992) (order vacating judgment conviction and remanding for new trial).
The case was remanded to the Newport County Superior Court for a new trial. Represented by counsel, Petitioner entered Alford pleas to both counts on June 4, 1993. The plea was entered with the advice of counsel. Following the plea, the Court sentenced Petitioner to twelve years, six years to serve and six years suspended with six years of probation. The Court credited Petitioner for time already served, satisfying the six year *Page 2 
sentence to serve. This plea and the plea hearing are the subject of the Petitioner's Motion for Post-Conviction Relief.[1]
On July 23, 2010, represented by new counsel, Camacho filed this Complaint for Post-Conviction Relief, seeking to vacate the plea and sentence based on an allegedly deficient plea colloquy. He argues that due to certain omissions at the plea hearing, he was not fully apprised of the charges against him and that the hearing justice could not have been satisfied that the plea was made voluntarily and intelligently. Specifically, Camacho alleges that the Court never presented Camacho with the requisite facts and elements needed to make him aware of the charges to which he was pleading; instead, the prosecutor recited facts that the State would be prepared to prove at trial, leaving out the intent and locus elements, and misstating the age of the victim on Count One as sixteen, not fourteen. Furthermore, the Court never received an assurance that Camacho actually understood the charges against him. Without these key elements, Petitioner argues that the colloquy did not satisfy Constitutional mandates and Rule 11, and thus must be vacated.
The State answered the Complaint, denying that the colloquy failed to comply with the Constitutional mandates and Rule 11 so governing.
Petitioner waived an evidentiary hearing. Relying upon the parties' memoranda and arguments, and the record of the proceedings below, this Court herein renders its decision on Petitioner's application.
 Standard of Review
"Once a defendant has entered a plea of guilty or nolocontendere and sentence *Page 3 
has been imposed, any issue relating to the validity of the plea must be raised by way of post-conviction relief." State v.Vashey, 912 A.2d 416, 418 (R.I. 2006); see also
G.L. 1956 § 10-9.1-1, et seq. "An applicant bears the burden of proving, by a preponderance of the evidence, that he is entitled to post-conviction relief." Burke v. State,925 A.2d 890, 893 (R.I. 2007).
 Post-Conviction Relief: "Plea Not Voluntary orIntelligent"
Petitioner specifically argues that his plea was neither voluntary nor intelligent because the hearing justice failed to make Petitioner aware of the specific charges and elements of those crimes to which he was pleading, and the trial justice further failed to receive assurances from Petitioner that he actually understood the charges against him. Thus, the Petitioner seeks to vacate the plea and subsequent sentence as a result of the deficient plea colloquy.
Pursuant to Rule 11's mandate, the Court must conduct "an on-the-record examination of the defendant before accepting [the] plea [in order] to determine if the plea is being made voluntarily with an understanding of the nature of the charge and the consequences of the plea." Moniz v. State,933 A.2d 691, 695 (R.I. 2007) (quoting State v. Frazar,822 A.2d 931, 935 (R.I. 2003) (per curiam)). "Although Rule 11 does not specify the extent or content of the colloquy, the record and the circumstances in their totality must demonstrate to a reviewing court that the defendant's plea was voluntary and intelligent."Id. (citing State v. Feng,421 A.2d 1258, 1267 (R.I. 1980)). As interpreted by the United States Supreme Court, the Constitution mandates that the plea colloquy specifically address three things: the nature of the offense defendant is admitting, see Henderson,426 U.S. at 645; the constitutional rights he is surrendering by *Page 4 
not going to trial, see Boykin v. Alabama,395 U.S. 238, 243 (1969); and the direct consequences of his plea.See Alford, 400 U.S. at 29, n. 3; seealso Brady v. United States, 397 U.S. 742, 755 (1970).
Upon an application for post-conviction relief based on a claim that Rule 11 was not satisfied, a petitioner "bear[s] the burden of proving by a preponderance of the evidence that [he] did not intelligently and understandingly waive [his] rights." State v.Gigueroa, 639 A.2d 495, 498 (R.I. 1994). Although Rule 11 was adopted "to safeguard the rights of criminal defendants who plead guilty or nolo contendere, it did not intend that the rule serve as a trap for those justices who fail to enumerate each fact relied on to accept such a plea." Frazar,822 A.2d at 936 (quoting Feng, 421 A.2d at 1269).
The United States Supreme Court has advised that a "ritualistic litany of the formal legal elements" of an offense is not required.Henderson v. Morgan, 426 U.S. 637, 644-45 (1976). The Rhode Island Supreme Court has stated:
 "As we read Henderson, it requires only that at the conclusion of the plea hearing, the trial justice should be able to say with assurance that the accused is fully aware of the nature of the charge and the consequences of the plea. That objective may be attained by:
 (1) an explanation of the essential elements by the judge at the guilty plea hearing;
 (2) a representation that counsel had explained to the defendant the elements he admits by his plea;
 (3) defendant's statements admitting to facts constituting the unexplained element or stipulations to such facts." State v. Williams, 122 R.I. 32, 41, 404 A.2d 814, 819 (1979) (internal quotations omitted).
Additionally, the Court has stated that a trial justice may rely on the prosecutor's recitation of the state's evidence in order to establish the requisite factual basis. See Feng,421 A.2d at 1269. Rule 11's mandate "can be satisfied if the record of the . . . *Page 5 
proceeding on its face discloses, despite the trial court's failure sufficiently to make the required explanation of the charges, that the defendant understood them." Williams,122 R.I. at 41, 404 A.2d at 819. (internal quotation omitted). "[A]ccording to Rule 11 of the Superior Court Rules of Criminal Procedure, the court may not accept a plea of nolocontendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge." McKinney v. State,843 A.2d 463, 473 (R.I. 2004).
 Analysis
The first issue as to whether the plea was voluntary and intelligent requires this Court to examine the record and determine whether there was a sufficient factual and legal basis to make Camacho aware of the charges to which he was pleading. Petitioner now argues that because there was no mention of the intent or the specific location of the touching elements by the prosecutor or the trial justice, he could not have been made aware of the nature of the charges against him.
The case law is clear: a ritualistic litany of the elements and every single fact supporting the charge is not required.See Henderson, 426 U.S. at 644-45; seealso State v. Frazar, 822 A.2d at 936. Thus, the mere absence of these two elements from the prosecutor or trial justice does not automatically undermine the validity of the plea.
Rule 11's mandate "can be satisfied if the record . . . of the proceeding on its face discloses, despite the trial court's failure sufficiently to make the required explanation of the charges, that the defendant understood them." Williams,122 R.I. at 41, 404 A.2d at 819. A "totality of the circumstances" standard is used to examine the record and determine whether the trial justice could have been satisfied that Camacho was fully *Page 6 
aware of the nature of the charge. See id. Therefore, this Court will look to the record and the circumstances surrounding the plea hearing to make that determination.
Here, the trial justice began the proceeding by stating that "[t]his is a two-count indictment involving two counts of alleged second-degree child molestation[,]" to which the prosecutor answered yes. (Tr. 1.) The justice continued by noting that there had been a "lengthy effort to dispose of th[e] case[.]" (Tr. 1.) Turning to the plea form itself, the justice asked whether "[t]his is in accordance with the provisions of [Alford] with respect to acknowledgement of guilt on the part of the defendant?" to which defense counsel replied affirmatively. (Tr. 2.) Directly addressing the Defendant, Mr. Camacho, the justice asked whether the signature on the form was his; Camacho replied yes. See Tr. 2. When asked whether Camacho had read the plea form prior to signing it, Camacho answered yes. See id. The justice asked whether defense counsel had explained to him the plea, the waiver of the listed constitutional rights, and what those rights were; Camacho replied yes. See Tr. 2-3. Out of an abundance of caution, the justice asked Mr. Camacho whether he understood those rights not once but twice; both times, Camacho replied that he did, indeed, understand. See Tr. 3. The justice asked defense counsel if she thought that Camacho understood the rights that he was waiving; she replied in the affirmative. See Tr. 3.
The trial justice then asked the prosecutor for the factual basis for the charges. See Tr. 3. As a threshold matter, it is not fatal to the plea colloquy that the prosecutor and not the trial justice recited the factual basis: in taking a plea, a trial justice may rely on the prosecutor's recitation of the State's evidence in order to establish the factual basis *Page 7 
for the record, as was done in Feng. See Feng,421 A.2d at 1269. The recitation of the facts on each charge was as follows:
 "As to N1-89-0403A, if this matter had gone to trial, the State would prove that on days and dates between January 1, 1986 and December 31st, 1986, at Middletown, that Miguel Camacho did engage in sexual contact with Jane Doe[2], a person under the age of 16. "As to Count 2, that Miguel Camacho, on days and dates between January 1, 1986 and December 31st, 1986, at Middletown, did engage in sexual contact with Mary Doe[3], a person under the age of 14 years of age." (Tr. 3-4.)
This took place on the record. This portion of the record indicates that lengthy negotiations had taken place to reach this plea agreement. Camacho read the form, understood the form — by his own admission and in the opinion of his attorney — and then signed the form. The form stated interalia:" I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. I swearto the truth of the above." That form contained the charges that he was pleading to, charges that he was very familiar with considering that he had participated in a jury trial on them two years prior, and then pursued an appeal to have the convictions vacated and the case remanded. Petitioner's claim to have been unaware of the nature of the charges, to which he was then pleading, after having sat through a full trial, including the first trial justice's instructions to the jury on the law as to the elements of each charge against him, and appeal is beyond belief and not supported by the record. The Petitioner fails to prove by the totality of the circumstances that he did not understand the plea he was making, and thus does not warrant vacating the plea.See Williams, 122 R.I. at 41, 404 A.2d at 819 (requiring *Page 8 
totality of the circumstances demonstrating petitioner's misunderstanding of plea to warrant vacation thereof). During the trial, both victims testified in detail about the facts proving each element of both charges.
Furthermore, the totality of the record and the prior case history establish that Camacho knew that the charges against him were two counts of second-degree child molestation. As stated by the trial justice at the opening of the hearing, he knew the charges against him and the conduct proving the charges. See Tr. 1. The standard is not whether the trial court sufficiently made a detailed explanation of the charges, element by element and fact by fact, but rather whether the defendant understood them. SeeHenderson,426 U.S. at 644-45 (ritualistic litany of elements not required).
This Court is satisfied that the record and the history of this case establish that Camacho was aware of the nature of the charges against him. It is also telling that Camacho, when invited to do so, addressed the Court, the attorneys, and the victims' family as follows: "I regret any inconvenience or trouble which my association with the Doe[4] family has caused them, and I am sorry for any inconvenience or trouble which may have occurred." (Tr. 5.) While this statement does not speak directly to the facts, it does prove that Camacho understood the charges against him. He could have said anything — for example, that he did not know what the charges were, or that he was unclear as to why he was being charged, or ask what facts the State had against him — or he could have said nothing, but he chose to apologize for his conduct and the effect it had on the victims and their family. See id. *Page 9 
The application for post-conviction relief also attacks the plea colloquy because the trial justice allegedly failed to address the Defendant, Camacho, on the record and satisfy himself that Camacho understood the charges against him. This Court disagrees.
Upon requesting and hearing the State's factual basis for the charges, the Court addressed Camacho directly:
 "All right. Mr. Camacho, I understand that under the Alford Plea Doctrine, you are acknowledging that there is evidence in this case that if it reached the jury in this case, they could find you guilty beyond a reasonable doubt. Though you are not admitting that you did this, you are acknowledging that there would be sufficient evidence for that jury to find you guilty beyond a reasonable doubt. Do you understand that? [Defendant:] Yes, Your Honor." (Tr. 4.)
This affirmation of his understanding of the plea, combined with the defense attorney's assurance that she had explained the plea form containing the charges to Camacho, and that Camacho himself twice affirmed his understanding of the plea form — acknowledging his signature and that he had read it before signing the form — was sufficient for the trial justice to have concluded that Camacho made the plea voluntarily and with understanding of the nature of the charges. See Williams,122 R.I. at 41, 404 A.2d at 819 (permitting the trial justice to rely upon counsel's assurance that the defendant understands the plea and defendant's own admission of understanding). This Court is satisfied, as this record confirms, that the Defendant understood the charges. The mandate of Rule 11 was met.
 Conclusion
For the above reasons, this Court hereby denies Petitioner Miguel Camacho's application for post-conviction relief. The plea taken on June 4, 1993 satisfied Rule 11's mandates and comports with the Constitutional requirements. The record discloses that *Page 10 
Petitioner was made fully aware of the charges, he understood them, and the trial justice was so satisfied of that understanding. Thus, the Petitioner has failed to demonstrate by a preponderance of the evidence that he is entitled to post-conviction relief.
Counsel shall submit the appropriate order for entry.
[1] The hearing justice is now retired.
[2] The victim's name is fictitious to protect her identity due to her age at the time of the offense.
[3] The victim's name is fictitious to protect her identity due to her age at the time of the offense.
[4] The family's name is fictitious to protect the identities of the family member victims due to their ages at the time of the offenses. *Page 1