[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This case is before the Court on Petitioner Emmanuel Goncalves' application for post-conviction relief. The applicant alleges that he received ineffective assistance of counsel and that, but for this failed representation, he would not have entered pleas of nolocontendere to the felony crime with which he was charged. Jurisdiction is pursuant to G.L. 1956 § 10-9.1-1, et seq.
 Facts and Travel
On March 9, 2005, Emmanuel Goncalves entered a plea of nolocontendere before the Honorable William Dimitri in the Providence Superior Court on charges of domestic assault. Since the offense was Goncalves' third offense, it was considered a felony. Pursuant to Goncalves' nolo plea, he was sentenced to four years suspended and four years of probation.
Mr. Goncalves is a citizen of Cape Verde who obtained Legal Permanent Resident Status in September of 1994. As a result of his guilty plea to the domestic violence crime of aggravated assault, federal authorities sought to have him deported pursuant to Chapter 8 § 1227(2) of the United States Code. 8 U.S.C. § 1227(2). *Page 2 
Goncalves retained counsel and filed this motion for post-conviction relief to prevent his deportation. In a sworn affidavit, Goncalves states that he was not made fully aware of the immigration consequences of his 2005 plea. Goncalves' attorney at the time only warned him that his plea could have "immigration consequences." Goncalves asserts that, had he known about the serious risk of deportation, he would have continued to trial or continued to plea bargain.
 Standard of Review
"Once a defendant has entered a plea of guilty or nolocontendere and sentence has been imposed, any issue relating to the validity of the plea must be raised by way of post-conviction relief."State v. Vashey, 912 A.2d 416, 418 (R.I. 2006); see also
G.L. 1956 § 10-9.1-1, et seq. "An applicant bears the burden of proving, by a preponderance of the evidence, that he is entitled to post-conviction relief." Burke v. State,925 A.2d 890, 893 (R.I. 2007).
 Analysis
"This Court has adopted the standard announced by the United States Supreme Court in Strickland v. Washington,466 U.S. 668 (1984) when generally reviewing claims of ineffective assistance of counsel." Rodrigues v. State,985 A.2d 311, 315 (R.I. 2009) (quoting Powers v. State,734 A.2d 508, 521 (R.I. 1999)). Strickland requires that the court conduct a two-part test when confronted with a claim that a criminal defendant received ineffective assistance of counsel. The first is that "defendant must show that counsel's performance was deficient" including a "showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." Powers, 734 A.2d at 522 (quotingStrickland, 466 U.S. at 687). To overcome this first hurdle, the applicant for post-conviction relief must show that his *Page 3 
counsel's advice was "not within the range of competence demanded of attorneys in criminal cases." Rodrigues,985 A.2d at 315 (quoting Moniz, 933 A.2d at 697).
"Second, the defendant must show that the deficient performance prejudiced the defense." Powers,734 A.2d at 522 (quoting Strickland, 466 U.S. at 687). "When evaluating a claim for ineffective assistance of counsel in a plea situation, the defendant must demonstrate a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial" and, importantly that the outcome of the trial would have been different. State v.Figueroa, 639 A.2d 495, 500 (R.I. 1994) (citing Hill v.Lockhart, 474 U.S. 52, 59 (1985)).
Here, Goncalves has alleged that his trial attorney's performance was deficient because his public defender did not notify him of the real possibility that he would be deported. Goncalves bases his claim for post-conviction relief on the recent U.S. Supreme Court casePadilla v. Kentucky, 130 S. Ct. 1473 (2010), where the petitioner prayed for revocation of his nolo plea alleging that his lawyer negligently failed to inform him of the immigration consequences of his plea. The Supreme Court agreed with Padilla, finding that "counsel must inform his client whether his plea carries a risk of deportation."Padilla at 1478. The Padilla Court held that criminal defense attorneys must affirmatively provide at least some immigration advice to non-citizen clients. Id.
This year, our state's Supreme Court was presented with a case strikingly similar to Goncalves' case. See Neufville v.State, 13 A.3d 607 (R.I. 2011). There, Mr. Neufville had executed a plea agreement certifying that he understood that his plea "may result in deportation proceedings." Neufville at 613. The record showed that Neufville's attorney had notified him of the potential immigration consequences of his plea agreement. For those reasons, the court found that the requirements of Padilla and *Page 4 Strickland had been met, that Neufville's attorney's conduct was "within the range of competence demanded of attorneys in criminal cases," and therefore, that his plea need not be vacated. The court emphasized that "counsel is not required to inform their clients that they will be deported, but rather that a defendant's "plea would make [the defendant] eligible for deportation."Neufville at 614; quoting Padilla, 130 S. Ct. at 1483.
Finally, the Rhode Island General Assembly enacted G.L. § 12-12-22(b) to further ensure the constitutional rights of criminal defendants at risk of deportation. The law provides in pertinent part: "Prior to accepting a plea of guilty or nolocontendere . . . the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States." Therefore, before accepting a plea of nolo contendere, "the trial justice must inform an alien defendant of any possible immigration consequences of the conviction."Neufville v. State, 13 A.3d 607, 613 (R.I. 2011).
In Goncalves' case, the evidence shows that Judge Dimitri did comport with § 12-12-22(b) in accepting the plea. Specifically, the hearing transcript indicates that Judge Dimitri affirmatively advised Mr. Goncalves that as a resident alien of the United States, "by entering this plea, [he] could be subjected to deportation, denial of citizenship, and . . . denial of re-entry." (Tr. at 1-2.) The judge further questioned Mr. Goncalves to be certain he understood the immigration consequences of his plea agreement. The statute requires no more than a warning as to these three potential consequences, and therefore, Judge Dimitri properly advised Goncalves of the consequences of his plea.
In regards to the advice Mr. Goncalves received from his attorney, the record reflects that counsel did provide Goncalves with an additional layer of advice. Judge *Page 5 
Dimitri specifically asked Goncalves whether he had discussed the plea form he wrote and signed with his attorney. Goncalves responded in the affirmative. (Tr. at 2) As stated above, Padilla requires that defense attorneys adequately warn their clients of the potential immigration consequences of a guilty or nolo plea. This warning need not be a declaration by counsel that "automatic deportation would be the result of entering nolo pleas." Neufville at 613. The defendant's own "acknowledgement that he knew he could be deported" as a result of his plea is sufficient to satisfy the Sixth Amendment requirements Padilla imposes. Neufville at 614.
 Conclusion
Due to the unambiguous case law on this topic in Rhode Island, as well as a clear statute requiring judges to inform defendants of the potential immigration consequences of their pleas, this Court finds that Goncalves was sufficiently informed regarding the potential consequences of his March 2005 plea. As Section 12-12-22(b) requires, Judge Dimitri informed Goncalves that by pleading nolocontendere, he was risking deportation, denial of citizenship, and denial of re-entry into the country. Since Goncalves' plea was fully informed, and he was not denied effective assistance of counsel, this Court declines to vacate his plea and denies this Motion for Post-Conviction Relief.

 *Page 1